IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **James Williams, #180089,**            ) | Case No. 2:15-cv-3440-MBS-MGB |
|                                           ) | |
| **Petitioner,**            ) | |
|                                           ) | |
| v.                                        ) | |
|                                           ) | REPORT AND RECOMMENDATION |
| **Warden W. H. Mauney,**            ) | |
|                                           ) | |
| **Respondent.**            ) | |
|                                           ) | |

Pending is the petition for habeas corpus pursuant to 28 U.S.C. § 2254 filed by James Williams ("Petitioner"). (DE# 1). Petitioner is a state prisoner and thus, is entitled to the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed "filed" at the moment of delivery to prison authorities for forwarding to the court). Petitioner is proceeding *pro se* and *in forma pauperis*. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge for review.

The face of the Petition indicates that it is untimely. Therefore, on November 10, 2015, the Magistrate Judge entered a Show Cause Order (DE# 8), giving Petitioner twenty (20) days (plus three days for mail time) to file a factual explanation as to why his petition should not be dismissed as time-barred, based on the application of the one year limitation period set forth in 28 U.S.C. § 2244(d). The Court has not received a response to the Show Cause Order from the Petitioner, and the time for responding has elapsed. Having carefully reviewed the record and

applicable authority, the Magistrate Judge recommends that the Petition be **dismissed with prejudice** for the following reasons:

I. Background

On January 6, 2009, Petitioner pleaded guilty to first degree burglary and was sentenced that same day. (Dkt. 1 at 2). He did not appeal. His conviction became final ten days later on January 16, 2009. See S.C. R. APP. P. 203(b)(2) ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed.").

Petitioner indicates that over six years later on March 3, 2015, he filed an application for post-conviction relief ("PCR"). The state trial court dismissed the application for PCR on August 6, 2015. (Dkt. 1 at 4). Petitioner acknowledges that he did not seek appellate review of the dismissal of his application for PCR relief. (*Id*. at 5-6 of 15).

Petitioner then signed the instant federal habeas petition on August 19, 2015. (Dkt. 1 at 15). The petition was mailed on August 25, 2015. (Dkt. 1-1). In his Petition, he alleges that his 2009 guilty plea was not entered into voluntarily, knowingly, and intelligently, and that his trial counsel was constitutionally ineffective. He seeks immediate release from prison.

II. Discussion

Review of the petition reflects that the Petitioner has not timely filed the instant § 2254 habeas petition. The standard habeas form requests information concerning the timeliness of filing of the § 2254 petition, as follows:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
>
> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. Petitioner did not provide any written response to the timeliness question in the Complaint form. He merely circled "(B)," "(C)," and "(2)" above, without providing any explanation or relevant facts. (DE# 1, ¶ 18). The record does not reveal any basis for concluding that subparagraphs (B) and (C) of § 2244(d)(1) apply in this case. The record also does not reveal that any statutory tolling under § 2244(d)(2) would render this Petition timely. Even with statutory tolling, the Petition is untimely by several years.

The one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, see 28 U.S.C.A. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. Here, the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A) commenced "on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction became final on January 16, 2009. After Petitioner's state conviction became final, the time up to the date he filed for PCR was not tolled. This means it counted toward the one year period of limitations for a filing a federal petition for habeas corpus. Thus, the one year period of limitations expired on January 17, 2010.

Petitioner has provided no basis for any equitable tolling (and none is apparent from the record). A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Petitioner has not pointed to any "extraordinary circumstance" that prevented him from timely filing his federal petition.

In sum, review of the record indicates that, even with the benefit of the prisoner mailbox rule and statutory tolling, Petitioner filed for federal habeas relief pursuant to § 2254 more than one year after his judgment of conviction became final. Therefore, based on the one-year statute of limitations applicable to federal habeas corpus petitions, this Petition should be dismissed as time-barred. *Day v. McDonough*, 547 U.S. 198, 208 (2006) (district courts may *sua sponte*

consider the timeliness of state prisoner's habeas petition); *Braxton*, 277 F.3d at 707 (holding that habeas court had discretion to *sua sponte* dismiss habeas petition for untimeliness, provided that notice and opportunity to respond is provided).

Accordingly, the Magistrate Judge **RECOMMENDS** that the Petition (DE#1) is time-barred and should be **dismissed with prejudice**. It is further recommended that a certificate of appealability be **denied**.[1]

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 9, 2015
Charleston, South Carolina

Petitioner's attention is directed to the **important notice** on the following page:

---

[1] Title 28, Section 2253(c)(1)(A) provides in relevant part: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the present case, the legal standard for a certificate of appealability has not been met. Here, the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A) commenced "on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).