IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

James Williams, #180089,                    )
                                            )   C/A No. 2:15-3440-MBS
                        Petitioner,         )
                                            )
        vs.                                 )
                                            )       **O R D E R**
Warden W. H. Mauney,                        )
                                            )
                        Respondent.         )
_____)

Petitioner James Williams is an inmate in custody of the South Carolina Department of

Corrections (SCDC) who is serving a sentence for forgery and burglary first degree.  On August 27,

2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner

asserts that he was denied due process and that he received ineffective assistance of counsel at his

change of plea hearing and sentencing on January 6, 2009.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Mary Gordon Baker for pretrial handling.  The Magistrate Judge

reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determined

that the § 2254 petition appeared to be untimely.  On November 10, 2015, the Magistrate Judge

issued an order directing Petitioner to show cause why the one-year statute of limitations contained

in 28 U.S.C. § 2244(d) does not bar the within action.  Petitioner did not respond to the Magistrate

Judge's order.

On December 9, 2015, the Magistrate Judge issued a Report and Recommendation in which

she recommended that the § 2254 petition be dismissed with prejudice as time barred.  The

Magistrate Judge further recommended that the court deny a certificate of appealability.  Petitioner

filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concludes that Petitioner's § 2254 is untimely. The within § 2254 petition is dismissed *without* prejudice as time-barred.

<u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

2

Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January14, 2016.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**